Darlene ATTA

v.

SUN COMPANY, INC. a/k/a Sun Refining and Marketing Company.

Civ. A. No. 84–1446.

United States District Court, E.D. Pennsylvania.

Aug. 22, 1984.

Rosalind M. Plummer, Philadelphia, Pa., for plaintiff.

Lynn Delanty Spencer, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The plaintiff, Darlene Atta, alleges in her complaint that she is a black female and that she was a management level employee of the defendant, Sun Company, Inc., also known as Sun Refining and Marketing Company, from 1969 through January 17, 1983. The complaint alleges that although the plaintiff performed competently in each capacity in which she was employed by the defendant from 1969 until 1983, her performance rating was lowered in May of 1982, and her employment status was

changed from that of "permanent exempt, salaried employee" to that of temporary, "nonexempt" employee. The complaint alleges that from 1981 through January 17, 1983, despite her satisfactory performance, the defendant discriminated against her on the basis of her race and gender by, *inter alia*, changing her status from permanent employee to temporary employee; excluding her from office conferences; failing to provide her with necessary performance feedback; and subjecting her to higher standards of performance and lower rates of pay than similarly situated "whites and/or males". The plaintiff further alleges that she was terminated on or about January 17, 1983 because of her race and gender; that the defendant's procedures for reducing its employee pool were designed in such a manner as to discriminate against "blacks and/or females"; and that in fact these procedures had a disproportionate impact on "blacks and/or females", including the plaintiff. The plaintiff has alleged that the defendant's conduct violated the Thirteenth and Fourteenth Amendments to the Constitution (Count One); Title VII of the Civil Rights Act of 1964 (as amended), Title 42 U.S.C. § 2000e *et seq.* (Count Two); the Equal Pay Act of 1963 (as amended), Title 29 U.S.C. § 206(d) (Count Three); and the Civil Rights Act of 1866, Title 42 U.S.C. § 1981 (Count Four). Count Five alleges that the defendant made certain false and misleading representations to the plaintiff concerning the terms and conditions of her employment, which representations fraudulently induced the plaintiff to accept employment with the defendant and to accept her temporary assignment in May of 1982. The plaintiff has claimed compensatory and punitive damages in connection with each of the five counts. The defendant has moved to dismiss Count One of the complaint and to strike the plaintiff's claim for punitive and compensatory damages in connection with Count Two of the complaint. For the reasons set forth below the defendant's motion will be granted.

## I. *Motion to Dismiss Count One*

### A. *Fourteenth Amendment Claim*

■ The defendant has moved to dismiss the plaintiff's cause of action under the Fourteenth Amendment on the ground that the plaintiff has failed to allege the requisite state action. In *Rendell-Baker v. Kohn,* 457 U.S. 830, 102 S.Ct. 2764, 2769–70, 73 L.Ed.2d 418 (1982), the Supreme Court reaffirmed the fundamental principle that the Fourteenth Amendment applies only to matters which involve state action and stated "[a] state normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Rendell-Baker,* 102 S.Ct. at 2771, quoting *Blum v. Yaretsky,* 457 U.S. 991, 102 S.Ct. 2777, 2786, 73 L.Ed.2d 534 (1982). The plaintiff has not alleged that the defendant is a state entity, or that the state was involved in or benefited from the alleged misconduct, or that state officials conspired with the defendant in any manner, or that the alleged misconduct was approved or encouraged by the state. *See,* e.g., *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 155–56, 90 S.Ct. 1598, 1607, 26 L.Ed.2d 142 (1970) (allegation of conspiracy between private actors and sheriff). Nor has the plaintiff alleged any pervasive state regulation (or any benefit conferred upon the defendant by the state) sufficient to bring the defendant within the Fourteenth Amendment's "state action" requirement. *See Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972). The plaintiff has not alleged any facts or advanced any theory as to how this defendant's alleged misconduct constituted state action for Fourteenth Amendment purposes. Accordingly, the plaintiff's Fourteenth Amendment claim set forth in Count One will be dismissed.

### B. *Thirteenth Amendment Claim*

■ The defendant also has moved to dismiss the plaintiff's Thirteenth Amendment claim which is also set forth in Count One. The Thirteenth Amendment abol-

ished slavery and involuntary servitude. The plaintiff has not alleged that any of the defendant's conduct in relation to this "management level employee" constituted the imposition of slavery or involuntary servitude. The plaintiff has not alleged that the defendant imposed upon the plaintiff any "condition of enforced compulsory labor." *United States v. Shackney*, 333 F.2d 475, 485 (2d Cir.1964), quoting *Hodges v. United States*, 203 U.S. 1, 16–17, 27 S.Ct. 6, 8, 51 L.Ed. 65 (1906). Nor has the plaintiff alleged that the defendant asserted control over the plaintiff's person and labor either through physical force or coercive threats. *See United States v. Booker*, 655 F.2d 562, 566–67 (4th Cir.1981). It is clear that the plaintiff has failed to allege the "essential ingredient of involuntary servitude", which is the "[i]nability to avoid continued service". *Family Div. Trial Lawyers v. Moultrie*, 725 F.2d 695, 705 (D.C.Cir.1984). *See Flood v. Kuhn*, 443 F.2d 264, 268 (2d Cir.1971), *aff'g.* 316 F.Supp. 271 (S.D.N.Y.1970), *aff'd on other grounds* 407 U.S. 258, 92 S.Ct. 2099, 32 L.Ed.2d 728 (1972).

The complaint does allege that the plaintiff was subjected to racially-based discrimination in the terms and conditions of her employment. In *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968), the Supreme Court, while holding that the enabling clause of the Thirteenth Amendment empowered Congress to "pass all laws necessary and proper for abolishing all badges and incidents of slavery", declined to address the question of "[w]hether or not the Amendment *itself* did any more" than abolish slavery. 392 U.S. at 439, 88 S.Ct. at 2203 (emphasis in original). Subsequently the Supreme Court rejected the theory that a city's decision to close its public swimming pools rather than operate them on a desegregated basis constituted a "badge or incident of slavery" which directly violated the Thirteenth Amendment. *Palmer v. Thompson*, 403 U.S. 217, 226–27, 91 S.Ct. 1940, 1945–46, 29 L.Ed.2d 438 (1971). Recently, courts have

declined to hold that the Amendment *itself* reaches forms of discrimination other than slavery and involuntary servitude. *Alma Society, Inc. v. Mellon*, 601 F.2d 1225, 1237 (2d Cir.1979). In *Lopez v. Sears, Roebuck, & Co.*, 493 F.Supp. 801, 807 (D.Md.1980), the court stated:

> The Amendment itself does not, in any way, address the issues of employment discrimination allegedly based on race or nationality. Although the Thirteenth Amendment provides the constitutional basis for claims arising under 42 U.S.C. § 1981 and other implementing statutes, it does not operate as an independent ground for a cause of action [for employment discrimination].

*See also Clark v. Universal Builders, Inc.*, 409 F.Supp. 1274, 1275 (N.D.Ill.1976).

The plaintiff's allegations of racially-based employment discrimination have been properly pleaded in Count Four of her complaint as a violation of 42 U.S.C. § 1981. The existence of this adequate federal statutory remedy for the plaintiff's discrimination claim would, in any event, obviate any need to imply a direct cause of action under the Thirteenth Amendment for racially-based employment discrimination. *Cf. Rogin v. Bensalem Township*, 616 F.2d 680, 686–87 (3d Cir.1980) (available remedy under 42 U.S.C. § 1983 obviates need to imply direct cause of action under the Fourteenth Amendment for civil rights violations). Accordingly, the plaintiff's Thirteenth Amendment claim set forth in Count One will be dismissed.

II. *Motion to Strike Punitive and Compensatory Damages in Count Two*

■ The defendant has moved to strike the plaintiff's claim for punitive and compensatory damages in connection with her Title VII claim set forth in Count Two. In *Richerson v. Jones*, 551 F.2d 918, 926–28 (3d Cir.1977), the Third Circuit concluded as a matter of law that punitive damages cannot be recovered in a Title VII action. Thus the plaintiff's claim for punitive dam-

ages in connection with Count Two must be stricken.

■ The plaintiff's claim for compensatory damages set forth in Count Two will also be stricken. In *Richerson v. Jones*, the Third Circuit noted that Title VII provides for the award of "such affirmative action as may be appropriate ... or any other equitable relief as the court deems appropriate." 551 F.2d at 926, quoting 42 U.S.C. § 2000e–5(g). The Court pointed out in a footnote that although in *Rosen v. Public Service Electric & Gas Co.*, 477 F.2d 90, 96 (3d Cir.1973), the Third Circuit had described an award of back pension benefits as "compensatory damages", the relief authorized in *Rosen* was in fact "a form of equitable restitution rather than a form of legal damages", and that any interpretation of *Rosen* as extending "the equitable relief of the statute to forms of legal relief" was "unwarranted". 551 F.2d at 926 n. 13.

It appears that the great majority of courts which have considered the issue have held that compensatory damages are unavailable in connection with Title VII claims, because Title VII authorizes only equitable, rather than legal, forms of relief. *See Walker v. Ford Motor Company*, 684 F.2d 1355, 1363–64 (11th Cir.1982) (collecting cases); *Bradley v. G. & W.H. Corson Ins.*, 501 F.Supp. 75, 76 (E.D.Pa.1980). Furthermore, subsequent to the *Richerson* decision, the Third Circuit observed in *dicta* that "compensatory and punitive damages are not generally available under Title VII." *Scott v. University of Delaware*, 601 F.2d 76, 81 n. 8 (3d Cir.), *cert. denied*, 444 U.S. 931, 100 S.Ct. 275, 62 L.Ed.2d 189 (1979). Accordingly, the defendant's motion to strike the plaintiff's claim for compensatory damages in connection with Count Two will be granted.

For all the reasons set forth above, the defendant's motion to dismiss Count One of the complaint and to strike the plaintiff's claim for punitive and compensatory damages in connection with Count Two of the complaint will be granted.