Wendy R. HURST M.D. and
Richard Levine M.D.

v.

William W. BECK, Jr., M.D., John Doe, M.D., and Pennsylvania Hospital.

No. 91–2492.

United States District Court,
E.D. Pennsylvania.

Aug. 15, 1991.

MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before the Court are Defendants' Partial Motion to Dismiss the Amended Complaint and to Dismiss Richard Levine, M.D.; Plaintiffs' response thereto; and Defendants' reply. For the following reasons, Defendants' Motion is DENIED in part and GRANTED in part.

## I. BACKGROUND

Plaintiffs, Wendy R. Hurst, M.D. ("Dr. Hurst") and Richard Levine, M.D. ("Dr. Levine"), commenced this action on April 17, 1991 against William W. Beck, Jr., M.D. ("Dr. Beck"), Dr. John Doe and the Pennsylvania Hospital (the "Hospital"). Doctors Beck and Doe are alleged to have been employed by, acting as agent for and/or affiliated with the Hospital at all times material to the action. On November 15, 1990, Hurst filed a charge with the Equal Employment Opportunity Commission (the "EEOC") alleging that defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* By letter dated May 17, 1991, the EEOC authorized Dr. Hurst to commence a lawsuit within ninety days. Plaintiffs filed an amended complaint on June 14, 1991.

The amended complaint purports to assert six causes of action. Count One alleges that defendants made defamatory statements regarding Dr. Hurst to her employer,[1] Avery Center for Obstetrics and Gynecology in Westport, Connecticut (the "Avery Center"), resulting in her termination. Counts II and VI allege that defendants intentionally interfered with the contractual relationship and with prospective contractual relations between Dr. Hurst and the Avery Center. Count III alleges that defendants violated the covenant of good faith and fair dealing. Count V asserts a claim for negligent and intentional

Giuliana F. Robertson, David E. Landau, Hoyle Morris & Kerr, Philadelphia, Pa., for plaintiffs.

John B. Langel, David S. Fryman, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for defendants.

---

1. Dr. Doe is alleged to have provided a negative evaluation of Dr. Hurst stemming from two pregnancies she underwent during her residency. (Amended Complaint, ¶ 24 at 6). Dr. Beck is alleged to have provided a negative evaluation based upon the fact that she became pregnant twice during her residency and not based on her skills as a physician. (Amended Complaint, ¶ 26 at 6). Additionally, Dr. Beck purportedly failed to disclose positive evaluations contained in a confidential evaluation file nor did he disclose the fact that during an oral exam he had recently commented favorably on her performance. (Amended Complaint, ¶¶ 26, 29 at 6).

infliction of emotional distress. Based upon the conduct alleged in counts I, II, III, IV and V, Drs. Hurst and Levine assert that they have suffered, *inter alia,* lost income, humiliation and emotional distress. Finally, Count VI seeks compensatory and punitive damages, attorney's fees and equitable relief under Title VII.

## II. DISCUSSION

### A. *Standard*

Defendants move to dismiss part of the amended complaint under Fed.R.Civ.P. 12(b)(6). When considering Rule 12(b)(6) motion, this Court shall take all allegations contained in the complaint as true and construe them in a light most favorable to the plaintiff. *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989); *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir. 1989). The complaint shall only be dismissed if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *see also Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

### B. *Analysis*

#### 1. *Claim for Intentional Infliction of Emotional Distress*

##### a. Exclusivity Provision

■ The Pennsylvania Workmen's Compensation Act (the "Act") provides as follows:

The liability of an employer under this act *shall be exclusive and in place of any and all other liability to such employees,* his legal representatives, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2)[2] or occupational disease as defined in section 108.

Pa.Stat.Ann. tit. 77, § 481(a) (Purdon Supp. 1990–91) (Emphasis added).

The exclusivity provision is "a version of the historical *quid pro quo* that employers received in exchange for being subjected to a statutory no-fault system of compensation for worker's injuries. Pursuant to its terms, an employer is given immunity from lawsuit by employees for any injury defined as such by section 301(c) of the Act, 77 P.S. § 411."[3] *Poyser v. Newman,* 522 A.2d at 550. *Accord Barber v. Pittsburgh Corning Corp.,* 521 Pa. 29, 555 A.2d 766, 769–770 (1989). In *Lewis v. School District of Philadelphia,* 517 Pa. 461, 538 A.2d 862 (1988), the court stated that "the workmen's compensation law is a workers exclusive remedy against his employer for an injury sustained in the course and scope of employment." 538 A.2d at 867 (citing *Poyser v. Newman,* 522 A.2d at 548; *Kline v. Arden H. Verner Co.,* 503 Pa. 251, 469 A.2d 158 (1983)). In *Kline,* the court held that the exclusivity provision "bars tort actions flowing from any work-related activity." 469 A.2d at 160. *Accord McCullough v. Xerox Corp.,* 399 Pa.Super. 135, 581 A.2d 961, 963 (1990).

Defendants seek dismissal of plaintiffs' claim for intentional infliction of emotional distress contending that such claim is barred by the Workmen's Compensation Act. In *Poyser v. Newman & Co., Inc.,* 514 Pa. 32, 522 A.2d 548 (1987), the Pennsylvania Supreme Court concluded that the Act provided the exclusive remedy for com-

---

**2.** Section 303 of the Act is codified at Pa.Stat. Ann. tit. 77, § 411 and is discussed later in this opinion.

**3.** Section 411 states, in pertinent part, that:
The term "injury arising in the course of employment," as used in this article ... shall included all ... injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether on the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises ... sustained by the employee, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, ... the employee's presence thereon being required by the nature of his employment. Pa.Stat.Ann. tit. 77, § 411 (Purdon Supp.1990–91).

mon law intentional torts directed against employers and arising during the scope of the employment relationship. Since *Poyser*, courts have held that claims for intentional infliction of emotional distress suffered by employees in the employment context are precluded by the Act.[4]

In response, plaintiffs cite *Schweitzer v. Rockwell Int'l*, 402 Pa.Super. 34, 586 A.2d 383 (1990). In *Schweitzer*, the court held that an employee's claims for assault and intentional infliction of emotional distress resulting from the conduct of a fellow employee were not barred by the Act. Notably, the court distinguished the *Poyser* case noting that *Poyser* arose from alleged deliberate employer misconduct and that no third person/fellow employee was involved. 586 A.2d at 392. *Schweitzer* has been followed in *Gruver v. Ezon Prods., Inc.*, 763 F.Supp. 772, 775–76 (M.D.Pa.1991); *Garvey v. Dickinson College*, 761 F.Supp. 1175, 1191–92 (M.D.Pa.1991). Here, as in *Schweitzer*, the complaint alleges that the distress complained of was caused by the discriminatory conduct of a fellow employee for reasons personal in nature outside the scope of the employment relationship. Thus, this Court holds that Dr. Hurst's claim for intentional infliction of emotional distress is not precluded by application of the Pennsylvania Workmen's Compensation Act.

### b. Outrageousness

█ Under Pennsylvania law, maintenance of a claim for intentional infliction of emotional distress requires a showing that the conduct complained of is "extreme or clearly outrageous."[5] *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1486–87 (3d Cir.1990) (citing *Cox v. Keystone Carbon*, 861 F.2d 390, 395 (3d Cir.1988)). Initially, the court must determine if the alleged conduct alleged reaches the requisite level of outrageousness. *Id.* at 1487. Rarely will conduct in the employment context rise to level outrageousness sufficient to provide a basis for recovery for the tort of intentional infliction of emotional distress. *Cox v. Keystone Carbon*, 861 F.2d at 395. In *Cox*, the Third Circuit observed that "the only instances in which courts applying Pennsylvania law have found conduct outrageous in the employment context is where an employer engaged in *both* sexual harassment *and* other retaliatory behavior against the employee." 861 F.2d at 395. (Emphasis added).

Defendants argue that the statements made to the Avery Center regarding Dr. Hurst's fitness to practice medicine does

---

4. *See Plemmons v. The Pennsylvania Manufacturers Assoc. Ins. Co.*, No. 90–2495, slip op. at 29, 1991 WL 125982 (E.D.Pa. July 3, 1991) (Lexis, Genfed library, Dist. file); *Saunders v. Smithkline Beecham*, No. 91–0333, slip op., 1991 WL 125409 (June 28, 1991) (Lexis, Genfed library, Dist. file); *Rice v. Smithkline*, No. 88–6872, slip op., 1991 WL 16665 (E.D.Pa. Feb. 7, 1991) (Lexis, Genfed library, Dist. file); *Kinnally v. Bell of Pennsylvania*, 748 F.Supp. 1136, 1144 (E.D.Pa. 1990); *James v. International Business Machines*, 737 F.Supp. 1420, 1427 (E.D.Pa.1990); *Ward v. Cheltenham Township*, No. 89–6833, slip op. at 5–6, 1990 WL 122952 (E.D.Pa. Aug. 21, 1990) (Lexis, Genfed library, Dist. file); *Ceesay v. Miller, Mason & Dickenson*, No. 90–2800, slip op., 1990 WL 121218 (E.D.Pa. Aug. 15, 1990) (Westlaw, dctu database); *Sibley v. Faulkner Pontiac–GMC, Inc.*, No. 89–7303, slip op. at 23–24, 1990 WL 116226 (E.D.Pa. Aug. 8, 1990) (Lexis, Genfed library, Dist. file); *Gorwara v. AEL Indus., Inc.*, No. 89–6401, slip op. at 22–23, 1990 WL 44702 (E.D.Pa. April 12, 1990) (Lexis, Genfed library, Dist. file); *Gonzalez v. CNA Ins. Co.*, 717 F.Supp. 1087, 1088 (E.D.Pa.1989); *Glickstein v. Consolidated Freightways*, 718

F.Supp. 438, 440 (E.D.Pa.1989); *Yerger v. Landis Mfg. Sys.*, No. 88–7694, 1989 WL 66443 (E.D.Pa. June 16, 1989) (Westlaw, Dctu database); *McBride v. Bell of Pennsylvania*, No. 89–0243, slip op. at 3–4, 1989 WL 71545 (E.D.Pa. June 27, 1989) (Lexis, Genfed library, Dist. file); *Goodson v. Cigna Ins. Co.*, No. 85–0476, slip op. at 55–56 and n. 13, 1988 WL 52086 (E.D.Pa. May 20, 1988) (Lexis, Genfed library, Dist. file); *Murr v. National Computer Sys.*, No. 88–5833, slip op. at 8–9, 1988 WL 132472 (E.D.Pa. Dec. 8, 1988) (Lexis, Genfed library, Dist. file); *Vasys v. United Eng'r and Constructors*, No. 88–4323, slip op., 1988 WL 99689 (E.D.Pa. Sept. 26, 1988) (Lexis, Genfed library, Dist. file); and *Sanders v. Hale Fire Pump Co.*, No. 87–2468, slip op., 1987 WL 17748 (E.D.Pa.1987) (Westlaw, Dctu database); *Papa v. Franklin Mint Corp.*, 400 Pa.Super. 358, 583 A.2d 826, 826–27 (1990).

5. The "conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Buczek v. First Nat'l Bank of Mifflintown*, 366 Pa.Super. 551, 531 A.2d 1122, 1125 (1987).

not satisfy the outrageous conduct element. Although the complaint avers employment discrimination on the basis of sex and pregnancy, there is no allegation of sexual harassment. Recently, this Court in *Levito v. Hussman Foods, Inc.*, No. 89–5967, slip op. at 12–13, 1991 WL 86898 (E.D.Pa. May, 15 1991) (appeal pending) (Lexis, Genfed library, Dist. file), concluded that the absence of sexual harassment forecloses claims for intentional infliction of emotional distress arising in the employment context.

Based upon the foregoing, Count V of the amended complaint is dismissed without prejudice. Plaintiffs are granted leave to file an amended Count V within fifteen (15) days from the entry of the Order accompanying this opinion.

### 2. *Negligent Infliction of Emotional Distress*

By way of footnote, defendants also challenge the sufficiency of plaintiffs' claim for negligent infliction of emotional distress. With mere citation to *Miller v. Aluminum Co. of America*, 679 F.Supp. 495 (W.D.Pa.), *aff'd mem.*, 856 F.2d 184 (3d Cir.1988) and *Salerno v. Philadelphia Newspapers, Inc.*, 377 Pa.Super. 83, 546 A.2d 1168 (1988), defendants maintain that "such a cause of action has never been recognized in Pennsylvania upon the facts asserted in the amended complaint." No analysis has been proffered supporting dismissal of this claim.[6]

Defendants are invited, however, to renew their contentions with appropriate specificity.

### 3. *Dr. Levine's Claims*

■ Defendants argue that Dr. Levine's claims should be dismissed. Specifically, defendants contend that Dr. Levine cannot seek recovery under the counts alleging

defamation, interference with actual or prospective contractual relations and breach of implied covenant of good faith and fair dealing because these actions are derived solely from injuries suffered by Dr. Hurst. Plaintiffs maintain that Dr. Levine's claims are properly includable in that he had to forfeit employment in Connecticut and remained unemployed for some time as a result of defendants conduct. Plaintiffs further contend that Dr. Levine's alleged losses were reasonably foreseeable by defendants. Plaintiffs argue that because defendants knew Dr. Hurst was married and knew or should have known her family would have to move with her, Dr. Levine's loss of employment was a reasonably foreseeable consequence of defendants' actions. Therefore, plaintiffs conclude that the tort claims are properly included. Plaintiffs do not, however, direct this Court to any authority for this novel theory.

The alleged defamatory statements are not asserted to have been made about Dr. Levine. *See* 42 Pa.Cons.Stat.Ann. § 8343(a) (Purdon 1982); *Dougherty v. Boyertown Times*, 377 Pa.Super. 462, 547 A.2d 778, 782 (1988). Dr. Levine has not identified any actual or prospective contractual relationship between himself and a third party in which defendants allegedly intentionally interfered. *See Nathanson v. Medical College of Pennsylvania*, 926 F.2d 1368, 1388, 1392 (3d Cir.1991) (applying Pennsylvania law). Dr. Levine has not alleged the breach of any contract to which he and defendants were parties. Thus, he cannot maintain a claim against defendants for breach of the implied covenant of good faith and fair dealing. *See Engstrom v. John Nuveen & Co., Inc.*, 668 F.Supp. 953, 958 (E.D.Pa.1987) (breach of implied covenant of good faith and fair dealing is a breach of contract action); *Creeger Brick*

---

**6.** In a parenthetical accompanying the cite to the *Miller* case, defendants note that allegations of personal danger of physical impact or contemporaneous to the observance of injury to a family member must be present. Plaintiffs, however, have alleged that "defendants' conduct caused them emotional pain, mental anguish and humiliation manifested by sleeplessness and nervousness and other symptoms." (Amended Complaint, ¶¶ 82–83 at 14–15).

Moreover, *Miller* indicates that a negligent infliction of a emotional distress claim may be maintained where the emotional distress accompanies physical impact or a threat of physical impact or the contemporary observance of injury to a family member. 679 F.Supp. at 508 (citations omitted). Defendants have not addressed how the amended complaint fails to comport with these theories.

*& Bldg. Supply, Inc. v. Mid–State Bank & Trust Co., SEDA,* 385 Pa.Super. 30, 560 A.2d 151, 153 (1989) (same).

Accordingly, Dr. Levine's claims alleged in Counts I, II, III and IV are dismissed.

4. *Damage Claims under Title VII*

 Lastly, because Title VII expressly authorizes only an award of backpay "or any other equitable relief as the court deems appropriate," 42 U.S.C. § 2000e–5(g) (1981); *see also James v. International Business Machines Corp.,* 737 F.Supp. 1420, 1429 (E.D.Pa.1990), defendants seek dismissal of Dr. Hurst's claims for compensatory and punitive damages. The Third Circuit has held that compensatory and punitive damages are not recoverable in an action under Title VII. *Protos v. Volkswagen of America, Inc.,* 797 F.2d 129, 138 (3d Cir.), *cert. denied,* 479 U.S. 972, 107 S.Ct. 474, 93 L.Ed.2d 418 (1986) (citations omitted); *see also Scott v. University of Delaware,* 601 F.2d 76, 81 n. 8 (3d Cir.), *cert. denied,* 444 U.S. 931, 100 S.Ct. 275, 62 L.Ed.2d 189 (1979); *Atta v. Sun Co., Inc.,* 596 F.Supp. 103, 105–06 (E.D.Pa.1984).[7] Therefore, Dr. Hurst's claims for compensatory and punitive damages under Title VII are dismissed with prejudice.

Finally, Dr. Hurst argues that if she prevails on the Title VII claim she would be entitled to front pay reflecting, in part, the compensation that would have been forthcoming had the Avery Center contract been performed. Awarding front pay is within the discretion of the court, *Dillon v. Coles,* 746 F.2d 998, 1006 (3d Cir.1984), and is an alternative to the remedy of reinstatement. *See Ezold v. Wolf, Block, Schorr and Solis–Cohen,* 758 F.Supp. 303, 306 (E.D.Pa.1991). Front pay is an equitable award for a reasonable future period required for the victim to reestablish her rightful place in the job market. *See Goss v. Exxon Office Sys. Co.,* 747 F.2d 885, 889 (3d Cir.1984); *see also Gunby v. Pennsylvania Elec. Co.,* 840 F.2d 1108, 1123 n. 8 (3d Cir.1988), *cert. denied,* 492

U.S. 905, 109 S.Ct. 3213, 106 L.Ed.2d 564 (1989). Like back pay, front pay serves to make the victim of discrimination whole and restore the economic position that would have enjoyed but for the employer's unlawful conduct. *Green v. USX Corp.,* 843 F.2d 1511, 1531 (3d Cir.1988), *vacated on other grounds,* 490 U.S. 1103, 109 S.Ct. 3151, 104 L.Ed.2d 1015 (1989) (citations omitted).

An appropriate Order follows.

## ORDER

AND NOW, this 15th day of August, 1991, upon consideration of Defendant's Partial Motion to Dismiss the Amended Complaint and to Dismiss Richard Levine, M.D., Plaintiffs' response thereto; and Defendants' reply, IT IS HEREBY ORDERED that:

(1) Defendants' Motion to Dismiss Count V of the Amended Complaint is GRANTED. Count V is DISMISSED without prejudice to the extent it purports to state a claim for intentional infliction of emotional distress. Plaintiffs are granted leave to file an amended Count V within fifteen (15) days from the entry of this Order.

(2) Defendants' Motion to Dismiss the purported negligent infliction of emotional distress claim in Count V of the Amended Complaint is DENIED with leave to renew.

(3) Defendant's Motion to Dismiss Richard Levine, M.D.'s claims in Counts I, II, III and IV of the Amended Complaint is GRANTED. Dr. Levine's claims in Counts I, II, III and IV of the amended complaint are DISMISSED.

(4) The claim for compensatory and punitive damages under Title VII, 42 U.S.C. § 2000e *et seq.* set forth in Count VI of the Amended Complaint is DISMISSED with prejudice.

**7.** *See also Espinueva v. Garrett,* 895 F.2d 1164, 1165 (7th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 3241, 111 L.Ed.2d 751 (1990); *Carroll v. General Accident Ins. Co. of America,* 891 F.2d 1174, 1177 (5th Cir.1990); *Carrero v. New York City Hous. Auth.,* 890 F.2d 569, 581 (2d Cir.

1989); *Shah v. Mt. Zion Hosp. & Medical Center,* 642 F.2d 268, 272 (9th Cir.1981); *Boddy v. Dean,* 821 F.2d 346, 352 (6th Cir.1987); *Russell v. American Tobacco Co.,* 528 F.2d 357, 366 (4th Cir.1975), *cert. denied,* 425 U.S. 935, 96 S.Ct. 1666, 1667, 48 L.Ed.2d 176 (1976).