487 A.2d 29

**Alex LaZAR and Linda LaZar, his wife**

**v.**

**RUR INDUSTRIES, INC., Appellant,**

**v.**

**The UNITED STEELWORKERS OF AMERICA, AFL–CIO–CLC, and Local 9051 of the United Steelworkers of America, AFL–CIO–CLC, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 24, 1984.

Filed Jan. 11, 1985.

446

Thomas M. Lent, Erie, for appellant.

Richard T. Ruth, Erie, for LaZar, appellees.

Rudolph L. Milasich, Jr., Pittsburgh, for United Steelworkers, appellees.

Richard E. Gordon, Pittsburgh, for Local 9051, appellees.

Before SPAETH, President Judge, and BROSKY and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

In this case, appellant RUR Industries, Inc., appeals the lower court's order dismissing its complaint against two additional defendants, the United Steelworkers and Local 9051 ("the unions"). After carefully examining the facts, the complaint and the law, we affirm the judgment.

The roots of this case are in a labor dispute between Local 9051 and RUR. Alex LaZar, a member of Local 9051 who was on picket duty, was injured in a melee at 1 a.m. August 27, 1981. He sued RUR for negligence, alleging

that the company failed to disperse the mob of off-duty employees which attacked him, failed to post security guards to prevent such attacks and failed to control its employees. These acts and omissions, he alleged, constituted negligence and caused his injuries.[1]

RUR denied his allegations and filed a complaint against the unions, charging that they had sanctioned an atmosphere of harassment, vandalism and violence such that "there was great susceptibility to the outbreak of violence."[2] RUR averred that the unions were solely liable for the injuries, or that the unions were liable in indemnity to RUR, or that the unions were jointly and severally liable with RUR.

The trial court, on appellees' preliminary objections in the nature of a demurrer, sustained the objections and dismissed the complaint against the unions, stating that it failed to state a cause of action. Appellant had failed to allege that the non-striking workers who had caused the injuries were acting under the direction of the additional defendants, or were acting as their agents; in the lower court's opinion, this omission was fatal.

■ When an appeal is from the sustaining of preliminary objections in the nature of a demurrer, the well-pleaded facts of the complaint are admitted, as well as any reasonable inferences that can be drawn from them. *Allstate Insurance Co. v. Fioravanti*, 451 Pa. 108, 299 A.2d 585 (1973). Therefore, we must assume that appellant's allega-

1. His injuries from the beating he suffered consisted of cuts and bruises, post-trauma headaches and mental stress. His wife sued for loss of consortium, anxiety, loss of sleep and aggravation of ulcers.

2. The company also alleged in its complaint that the striking union members carried on a "steady, studied and deliberate campaign of violence, threats, intimidation, harassment, physical and verbal abuse of those who continued to work at RUR Industries, manifested by the throwing of objects, the lining of the driveway with nails, with resultant damage to all vehicles, all of which violence and conduct must, of necessity, inevitably lead to violence." The company further alleged that a striking worker had thrown a can of black tar or paint on the car of a non-striking worker on August 27, 1981, at shift change, leading to the attack of Alex LaZar. This conduct, it is alleged, was "sanctioned, condoned and approved" by the unions' leaders.

tions are true. We now address whether those facts can support the company's claim that the unions are solely liable for the injuries; that the unions are liable in indemnity to the company if the company must pay damages; and that the unions are jointly and severally liable with the company for the injuries.

The company alleges that the unions are solely liable for the injuries because they created an atmosphere where "there was great susceptibility to the outbreak of violence." This is a novel theory of liability with potentially serious consequences for unions, and warrants careful attention.

■■■ The company complains that the unions were negligent because it was reasonably foreseeable that, by creating the atmosphere, injury to union members would result, and cites cases on incitement to riot in support. Before a cause of action is stated in negligence, there must be: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the injury, and (4) actual loss or damages to the interests of another. *Morena v. South Hills Health System*, 501 Pa. 634, 642 n. 5, 462 A.2d 680, 684 n. 5 (1983).

We agree with the lower court that there is no cause of action in negligence stated here. Assuming, as we must, that the unions created an atmosphere where "there was great susceptibility to the outbreak of violence," we hold that the unions had no duty to refrain from creating such an atmosphere.[3]

---

3. While this may seem a questionable result, we believe that it is necessary in light of the public policy of this Commonwealth. The duty of unions in strikes, defined by law, is to refrain from unlawful acts. *See* 43 Pa.S. Sec. 206h (Purdon's 1964). Unions have a right to exist, 43 Pa.S. Sec. 191. They have a right to strike, 43 Pa.S. Secs. 199, 200. They may not be enjoined from "assembling peaceably ... to promote their lawful interests." 43 Pa.S. Sec. 206f(j). They may not be enjoined from "advising, urging or otherwise causing or inducing, without misrepresentation, fraud or violence," others to halt work for others. 43 Pa.S. Sec. 206f(k). But unions and union members may be enjoined when "unlawful acts have been committed," when "substan-

■ Similarly, the unions cannot be liable on an indemnity theory. Indemnity requires that a secondary tortfeasor be liable or have paid damages for an injury for which he is not truly at fault. The liability must be imputed or constructive. *Burbage v. Boiler Engineering & Supply Co.*, 433 Pa. 319, 249 A.2d 563 (1969).

■ Here, we have already determined that the unions are not liable for the injury suffered. They cannot be liable to RUR in indemnity.

■ Finally, RUR alleges that the unions are jointly and severally liable with the company. Joint and several liability arises when there are joint tortfeasors. Joint tortfeasors exist where "two or more persons owe to any other the same duty and by their common neglect, such other is injured." *Lasprogata v. Qualls*, 263 Pa.Super. 174, 397 A.2d 803 (1979). Here, as we have stated, the unions had no duty and could not have had a common duty with the company; joint and several liability is not appropriate.

The judgment is affirmed.

SPAETH, President Judge, concurs in the result.

tial and irreparable injury" will occur, when no adequate remedy at law exists, and when police cannot furnish adequate protection. 43 Pa.S. Sec. 206i.

If unlawful acts and vandalism took place here, equitable relief was in order, and apparently was pending at the time the complaint was made. The atmosphere of which the company complains was in part its doing; instead of briskly pursuing its statutory remedies, the company chose to ignore the atmosphere and risk the retaliation of its employees against the strikers.

We think public policy of this Commonwealth as regards union liability for strike-related damages is expressed in the statutes cited above, permitting union liability for intentional torts. Before a plaintiff may recover from a union in a strike-related complaint, he must be able to show, by the weight of the evidence, that the acts complained of were ordered, authorized or ratified by the union. The individual union members may be made to pay if the weight of the evidence shows they did the acts.

To hold otherwise would be to return to the situation in the days before the Norris-LaGuardia Act, upon which 43 Pa.S. Sec. 206h is modeled, where employers could, in tense strike situations, incite violence and break the union involved by then suing for damages.