500 A.2d 141

**Jerry W. LEWIS, Appellant,**

**v.**

**SCHOOL DISTRICT OF PHILADELPHIA.**

Superior Court of Pennsylvania.

Argued March 11, 1985.

Filed Oct. 25, 1985.

Paul M. Perlstein, Philadelphia, for appellant.

Martin Horowitz, Philadelphia, for appellee.

Before SPAETH, President Judge, and JOHNSON and SHOYER,* JJ.

SHOYER, Judge:

This case is an appeal from an Order of the lower court denying Petitioner's motion to compel arbitration by his employer.

The appellant, while in the course of his employment, was injured in an automobile accident caused by an uninsured motorist. The appellant received workmen's compensation benefits from his employer and then demanded uninsured motorist benefits. The employer, appellee herein, denied these benefits. The appellant then filed a Petition to Compel Arbitration citing *Modesta v. SEPTA*, 503 Pa. 437, 469 A.2d 1019 (1983). This petition was denied and this appeal followed.

The appellant claims that because of the holding in *Modesta*, that self-insureds are required to maintain uninsured motorist coverage under the Uninsured Motorist Act,[1] he is entitled to such benefits.

---

* The Honorable Kendall H. SHOYER, Senior Judge of the Court of Common Pleas of Philadelphia County, is sitting by designation.

1. Uninsured Motorist Act, Act of August 14, 1963, P.L. 909, as amended December 19, 1968, P.L. 1254, No. 397, effective January 1, 1969, 40 P.S. Secs. 2000, *et seq.*

The appellee, in its brief, contends that the appellant's recovery is limited to the benefits received under the Workmen's Compensation Act.[2]

The lower court, in its opinion, cited *Wagner v. National Indemnity Co.*, 492 Pa. 154, 422 A.2d 1061 (1980), for the authority that workmen's compensation is the exclusive means of recovery for an employee injured in the scope of his employment. The lower court correctly stated that while *Modesta* holds that self-insurers must provide uninsured motorist coverage such insurance does not compel coverage to an employee covered by workmen's compensation, but is reserved for those not injured in the course of their employment.

We affirm.

In *Turner v. SEPTA*, 256 Pa.Super. 43, 389 A.2d 591 (1978) (a unanimous opinion by the full Court), an employee of SEPTA was injured in a collision between the bus he was driving and another vehicle. This Court, in denying the employee's claim for no-fault benefits, stated that an injured employee's sole remedy against his employer is the Workmen's Compensation Act. Section 303, 77 P.S. § 481(a) of the Workmen's Compensation Act states as follows:

"(a) The liability of an employer under this act shall be exclusive and *in place of any and all other liability* to such employes, his legal representative, or wife, parents, dependents, next of kin or anyone otherwise entitled to damages *in any action at law or otherwise* on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108." (Emphasis supplied)

This section of the Act, as amended, became effective on February 3, 1975. The Uninsured Motorist Act, as amended, became effective on January 1, 1969. We believe the language and reasoning in the *Turner* case can be applied to a claim by an employee for uninsured motorists benefits

2. Workmen's Compensation Act, 77 P.S. § 481(a), as amended 1974, December 5, P.L. 782 No. 263, § 6, effective in 60 days.

as well as No-fault benefits. In Footnote No. 2 in *Turner*, it is stated:

"2. Were we to decide that the Workmen's Compensation Act and the No-fault Act were in any manner irreconcilable, the iron-clad exclusivity provision contained in the 1974 amendment to Section 303 would control. 'Whenever the provisions of two or more statutes enacted finally during the same General Assembly are irreconcilable, the statute latest in date of final enactment irrespective of its effective date, shall prevail.' Statutory Construction Act, Act of May 28, 1937, P.L. 1019, art. IV, § 65, 46 P.S. § 565.

"We are of the opinion that if any exception had been created by the No-fault Act, the legislature would surely have seen fit to incorporate the exception when it amended Section 303 of the Workmen's Compensation Act. 'Any question as to the intention of the legislature that the remedy created by the Workmen's Compensation Act be exclusive is removed by [the 1974 amendment].' ..."

The opinion of the majority in *Wagner, supra,* relied on *Turner* and upheld its reasoning despite a strong attack made by the minority. It should also be observed that the *Modesta* Court in Footnote No. 3 stated that the Uninsured Motorist Act and the No-Fault Act "both ... relate to the same class of persons and deal with the same subject, they are in pari materia and must be construed together."

We believe that the legislature has clearly indicated its intentions to exclude employees injured in the scope of their employment from both No-fault and Uninsured Motorists' benefits, leaving their only remedy the benefits under the Workmen's Compensation Act.

Affirmed.

SPAETH, President Judge, files a dissenting opinion.

SPAETH, President Judge, dissenting:

I should hold that the Workmen's Compensation Act does not bar appellee's liability to pay uninsured motorist benefits.

*Modesta v. SEPTA,* 503 Pa. 437, 469 A.2d 1019 (1983), establishes the employer's responsibility to provide uninsured motorist coverage. There the Court held that it was of no consequence that the employer was self-insured. *Modesta* does not, however, control our decision here, for there the claimant was not the driver of the employer's motor vehicle but a passenger. The question we must decide, therefore, is whether the employer's responsibility to provide uninsured motorist coverage is for some reason eliminated when the claimant is an employee who was injured while in the course of his employment. Appellee argues, and the trial court held, that the responsibility is indeed eliminated by the provision of the Workmen's Compensation Act that

> [t]he liability of an employer under this act shall be exclusive and in place of all other liability to such employes.... 77 P.S. § 481(a).

I am not persuaded by this argument. Appellee's responsibility under *Modesta* to provide uninsured motorist coverage was not a "liability of [appellee as] an employer." When a carrier, or a self-insured, provides uninsured motorist coverage, it is providing coverage, not for its own liability, but for the liability of someone else, who should have had but did not have his own coverage. 40 P.S. § 2000(a); *Estate of Rosato v. Harleysville Mutual Casualty Co.,* 328 Pa.Super. 278, 476 A.2d 1328 (1984) (Uninsured Motorist Act ensures that innocent victims recover damages they would have received if uninsured tortfeasor had insurance); *Provident Washington Insurance Co. v. Rosato,* 328 Pa.Super. 290, 476 A.2d 1334 (1984) (same). The bar of the Workmen's Compensation Act is therefore inapplicable.

*Wagner v. National Indemnity Co.,* 492 Pa. 154, 422 A.2d 1061 (1980), is not to the contrary. There the employee's claim was not for uninsured motorist benefits but for No-fault benefits. The essence of the No-fault Act is that it eliminated any cause of action by the claimant against the other driver. *Brunelli v. Farrelly Bros.,* 266 Pa.Super. 23,

28, 402 A.2d 1058, 1060 (1979). Therefore, the responsibility of an employer to provide No-fault coverage was a responsibility to provide coverage for the employer's *own* liability. It was on this basis that the Court in *Wagner* held that the employer's liability under the No-fault Act as to an employee was barred by the Workmen's Compensation Act.

I should reverse the order of the trial court and remand the case for arbitration.