502 A.2d 260

**Douglas VANN, Appellant,**

v.

**The SCHOOL DISTRICT OF PHILADELPHIA, Appellee.**

Superior Court of Pennsylvania.

Argued June 6, 1985.

Decided Dec. 20, 1985.

Edward R. Weiss, Philadelphia, for appellant.

Martin Horowitz, Philadelphia, for appellee.

Before SPAETH, President Judge, and McEWEN and BECK, JJ.

McEWEN, Judge:

We here consider an appeal from an order which sustained the preliminary objections in the nature of a demurrer filed by appellee, School District of Philadelphia, on the grounds that appellant had failed to state a cause of action upon which relief could be granted. The scope of appellate review of a challenge to an order sustaining preliminary objections in the nature of a demurrer is, of course, well settled:

> All material facts set forth in the complaint as well as all inferences reasonably deductible therefrom are admitted as true for [the purposes of this review.] *Clevenstein v. Rizzuto*, 439 Pa. 397, 266 A.2d 623 (1970). The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Hoffman v. Misericordia Hospital of Philadelphia*, 439 Pa. 501, 267 A.2d 867 (1970). Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. *Birl v. Philadelphia Electric Co.*, 402 Pa. 297, 167 A.2d 472 (1960).

*Vattimo v. Lower Bucks Hospital, Inc.*, 502 Pa. 241, 244, 465 A.2d 1231, 1232–1233 (1983). *Accord Graham v. Today's Spirit*, 503 Pa. 52, 55–56 n. 1, 468 A.2d 454, 456 n. 1 (1983); *Swidzinski v. Schultz*, 342 Pa.Super. 422, 425, 493 A.2d 93, 95 (1985); *Crivellaro v. Pennsylvania Power & Light Co.*, 341 Pa.Super. 173, 177–78, 491 A.2d 207, 209 (1985); *LaZar v. RUR Industries, Inc.*, 337 Pa.Super. 445, 448–49, 487 A.2d 29, 31 (1985).

We, therefore, accept as true for the purposes of our review, that appellant was injured, while driving a school bus within the course and scope of his employment by

appellee School District, as a result of a collision with a vehicle driven by an uninsured motorist. When appellant then sought uninsured motorist benefits from appellee, a self-insured entity, appellee refused to pay such benefits. Appellant filed a complaint in the Court of Common Pleas of Philadelphia County to which appellee filed preliminary objections alleging that appellant had failed to state a cause of action upon which relief could be granted. The preliminary objections were sustained and this appeal followed.

The sole issue for our consideration is whether the Workmen's Compensation Act[1] provides the exclusive remedy available to an employee, who, while operating his employer's vehicle within the scope of his employment, is injured in an automobile accident involving an uninsured motorist; or whether the employee is entitled to collect from his employer, a self-insured entity, uninsured motorist benefits[2] in addition to the Workmen's Compensation payments. We conclude that such an employee is limited to the benefits available under the Workmen's Compensation Act and may not recover, in addition thereto, uninsured motorist benefits from his employer.

The declaration of Section 303 of the Workmen's Compensation Act is, once again in this appeal, the subject of our scrutiny:

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

77 P.S. § 481(a) (footnote deleted).

Appellant asserts that this provision does not bar his right to recover uninsured motorist benefits from his em-

1. Act of December 5, 1974, P.L. 782, No. 263, as amended, 77 P.S. § 481(a).

2. *See* Act of August 14, 1963, P.L. 909, as amended December 19, 1968, P.L. ——, No. 397, 40 P.S. § 2000.

ployer and invites our attention to several Pennsylvania cases in which employees were permitted to collect uninsured motorist benefits from their employers' insurance carriers for injuries sustained while occupying their employers' vehicles. *See Utica Mutual Insurance Co. v. Contrisciane,* 504 Pa. 328, 473 A.2d 1005 (1984); *Harleysville Mutual Casualty Co. v. Blumling,* 429 Pa. 389, 241 A.2d 112 (1968); *Flamini v. General Accident Fire and Life Assurance Corp.,* 328 Pa.Super. 406, 477 A.2d 508 (1984); *Marchese v. Aetna Casualty and Surety Co.,* 284 Pa.Super. 579, 426 A.2d 646 (1981).

The precise issue which we must here decide was not, however, addressed in any of the cases cited by appellant. *Utica Mutual Insurance Co. v. Contrisciane, supra; Flamini v. General Accident Fire and Life Assurance Corp., supra;* and *Marchese v. Aetna Casualty and Surety Co., supra,* each concerned questions of stacking insurance policy coverage while *Harleysville Mutual Casualty Co. v. Blumling, supra,* involved a question concerning an "other insurance" provision in the uninsured motorist policy of the employer which purported to limit recovery because of the existence of other insurance coverage.

This Court has, however, recently and directly addressed this issue when we declared that: "the legislature has clearly indicated its intentions to exclude employees injured in the scope of their employment from both No-fault and Uninsured Motorists' benefits, leaving their only remedy the benefits under the Workmen's Compensation Act." *Lewis v. School District of Philadelphia,* 347 Pa.Super. 32, 500 A.2d 141 (1985). While our eminent President Judge Edmund B. Spaeth, Jr., provided in his dissent in *Lewis* a quite valid expression of view, the more compelling position is that expressed by the majority, namely, that the legislature signaled an intention to preclude an employee from collecting from his employer No-fault or Uninsured Motor-

ist benefits in addition to Workmen's Compensation benefits.[3]

Accordingly, we affirm the Judgment of the distinguished Judge Ethan Allan Doty sustaining the preliminary objections in the nature of a demurrer by reason of the conclusion that Section 303 precludes the collection by appellant of Uninsured Motorist benefits from his employer.

Judgment affirmed.

SPAETH, President Judge, files a dissenting statement.

SPAETH, President Judge, dissenting:

I dissent for the reasons I gave in my dissent in *Lewis v. School District of Philadelphia*, 347 Pa.Super. 32, 500 A.2d 141 (1985).

---

**3.** This conclusion is to be distinguished from the well established ruling that an employee, injured in a motor vehicle accident, while operating his employer's vehicle during the course of his employment, may recover, in addition to Workmen's Compensation benefits, from *his own* No-fault Insurance carrier or the Pennsylvania Assigned Claims Plan any loss in excess of the amount covered by Workmen's Compensation benefits. *Wagner v. National Indemnity Co.*, 492 Pa. 154, 422 A.2d 1061 (1980); *Harleysville Insurance Co. v. Wozniak*, 347 Pa.Super. 356, 500 A.2d 872 (1985); *Mumma v. Pennsylvania Assigned Claims Plan*, 331 Pa.Super. 205, 480 A.2d 316 (1984).