**Gurski v. State Farm Mutual
Insurance Company**

*Edward F. Silva,* for plaintiffs.

*John D. Nardone,* for defendant State Farm Insurance Company.

*Michael C. Crowley,* for defendant Prudential Property & Casualty Insurance Company.

DALESSANDRO, *J.,* May 22, 1986—

## NATURE OF PROCEEDINGS

This matter is before the court on a motion for sumary judgment filed by defendant State Farm Mutual Insurance Company.

## HISTORY AND FACTS

Filed on August 7, 1985, plaintiffs' complaint alleges that on March 5, 1981, while in the employ of Cicioni Radiator, Inc. (Cicioni), male plaintiff was operating a 1980 or 1981 Ford pickup truck on Route 147, Northumberland County. It is averred that "a vehicle operated by an unknown driver came over onto [male] plaintiff's side of the road and forced him to attempt to negotiate his vehicle along the right-hand berm of the road which resulted in plaintiff's vehicle being thrown off the side of the road into a ravine." Male plaintiff allegedly sustained severe, painful and permanent injuries; he seeks recovery from State Farm Mutual Insurance Company (State Farm), Cicioni's carrier, and from his individual carrier, Prudential Property & Casualty Insurance Company (Prudential). The complaint's prayer for relief requests that the court issue

an order directing defendants State Farm and Prudential to appoint an arbitrator to arbitrate the uninsured-motorist claim, pursuant to the terms of their respective policies.

State Farm filed its answer and new matter on January 7, 1986; plaintiffs filed their answer to the new matter on February 18, 1986. On April 2, 1986, State Farm filed a motion for summary judgment. This matter is presently before the court for disposition.

## DISCUSSION AND LAW

Defendant State Farm moves for summary judgment on the basis that male plaintiff, who was injured in the course of his employment, is not entitled to uninsured-motorist benefits. Summary judgment may be granted if, on the basis of the pleadings, affidavits, depositions and answers to interrogatories, there exists no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035. In determining whether summary judgment shall be entered, a court must heed the following principles:

"The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. In determining whether the moving party has met this burden, the court must examine the record in the light most favorable to the nonmoving party, giving that party the benefit of all reasonable inferences. All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Summary judgment should be granted only in the clearest case, where the right is clear and free from doubt." (Citations omitted.) Bertani v. Beck, 330 Pa. Super. 248, 251-252, 479 A.2d 534, 535-536 (1984).

Paragraph 10 of plaintiffs' complaint alleges:

"Plaintiff avers that the policies provide for arbitration of Uninsured Motorist claims under the Act of 1927."

In response, State Farm answered as follows:

"Admitted and denied. It is admitted that the policy issued by defendant, State Farm Mutual Insurance Company, to Cicioni Radiator, Inc., provides for arbitration of uninsured motorists claims under the Act of 1927 . . ." State Farm's new matter avers that "[u]nder the current state law of the Commonwealth, defendant, State Farm Mutual Insurance Company, is not obligated to pay uninsured-motorist benefits to plaintiff due to the fact that the [male] plaintiff has already been paid Workmen's Compensation benefits."

In the recent cases of Vann v. School Dist. of Philadelphia, 348 Pa. Super. 383, 502 A.2d 260 (1985), and Lewis v. School Dist. of Philadelphia, 347 Pa. Super. 32, 500 A.2d 141 (1985), respective plaintiffs, while in the scope of their employment, were injured in vehicular accidents involving uninsured motorists. In both cases, the Superior Court was faced with determining whether the Workmen's Compensation Act, 77 P.S. §1 et seq., provides the exclusive remedy available to an employee who, while operating his employer's vehicle within the scope of his employment, is injured in a collision involving an uninsured motorist, or whether the employee is also entitled to collect uninsured-motorist benefits from his employer, a self-insured entity.

The Lewis court concluded as follows:

"We believe that the legislature has clearly indicated its intentions to exclude employees injured in the scope of their employment from both No-fault and Uninsured Motorists' benefits, leaving their

only remedy the benefits under the Workmen's Compensation Act. Lewis, supra, at 35, 500 A.2d at 143. "While our eminent President Judge Edmund B. Spaeth, Jr., provided in his dissent in Lewis a quite valid expression of view, the more compelling position is that expressed by the majority, namely that the legislature signalled an intention to preclude an employee from collecting from his employer No-fault or Uninsured Motorist benefits in addition to Workmen's Compensation benefits." Vann, supra, at 386-7, 502 A.2d 262.* We note that although the Lewis and Vann cases involved a self-insured defendant, the Superior Court does not caution that its holdings should be narrowly applied; accordingly, we interpret the rule to be applicable to a commercial carrier covering an employer, as well as to a self-insured employer. Thus, as a matter of law, plaintiffs are not entitled to recover uninsured motorist benefits under the provisions of State Farm's policy with Cicioni; State Farm's motion for summary judgment is granted.

## ORDER

It is hereby ordered as follows:

(1) The motion for summary judgment filed by defendant State Farm Mutual Insurance Company is granted;

(2) Judgment is entered in favor of defendant State Farm Mutual Insurance Company, and against plaintiffs.

---

* In Vann, supra, in ftnt. 3, the Superior Court notes that its conclusion is distinguishable from the rule that an employee, injured in a motor vehicle accident while operating an employer's vehicle during the scope of employment, may recover from his carrier any loss in excess of the amount covered by Workmen's Compensation benefits.