538 A.2d 862

**Jerry LEWIS, Appellant,**

**v.**

**SCHOOL DISTRICT OF PHILADELPHIA, Appellee.**

**Thomas HOLTON, Appellant,**

**v.**

**CITY OF PHILADELPHIA, Appellee.**

**Thomas COLLINS, Appellant,**

**v.**

**CITY OF PHILADELPHIA and General Accident Insurance Company.**

**Appeal of GENERAL ACCIDENT INSURANCE COMPANY.**

Supreme Court of Pennsylvania.

Argued Nov. 9, 1987.

Decided March 1, 1988.

Burton A. Rose, Theodore A. Schwartz, Robert T. Szostak, Philadelphia, for amicus—Pa. Trial Lawyers Assoc.

Paul Mark Perlstein, David M. McCormick, Philadelphia, for amicus—Pa. Assigned Claims Plan.

Charles W. Craven, Philadelphia, for other appellants.

Barbara Axelrod, Philadelphia, for City of Philadelphia (Nos. 119 & 35).

Martin Horowitz, Philadelphia, (No. 24) James P. McNally, Philadelphia, for Collins (No. 35).

Andrew M. Rosen, Philadelphia, for other appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

These appeals call upon us to decide which of two stat-

utes, the "Uninsured Motorist Act"[1] or The Pennsylvania Workmen's Compensation Act,[2] controls whether an employee may recover uninsured motorist benefits from his employer for a work-related automobile accident. The "Uninsured Motorist Act" requires, subject to limitations not here pertinent, that automobile insurance policies covering personal-injury liability also provide protection against uninsured motorists. However, the availability of this protection to employees of the owner of the insured vehicle implicates section 303(a) of the Workmen's Compensation Act, 77 P.S. § 481(a), which states that the latter statute is the exclusive source of an employer's liability to an employee for work-related injury.

The instant appeals, which we consolidated for argument and decision, arose from three separate actions for damages based on the "Uninsured Motorist Act." In two of the actions, an employee sought to recover damages from his employer for pain and suffering resulting from personal injuries sustained in a work-related automobile accident with an uninsured driver. The third action was of the same nature, but included the injured employee's own insurance carrier as a co-defendant. In all three cases the courts below concluded that section 303(a) of the Workmen's Compensation Act immunized the employer from the employee's claim for uninsured motorist benefits. We granted review to consider the correctness of that conclusion.

## JERRY LEWIS

Appellant Jerry Lewis was employed by the School District of Philadelphia ("School District") as a bus driver. The School District was self-insured as to motor vehicle liability and as to workmen's compensation claims. On May 26, 1982, Lewis, while driving a school bus in the course of his employment, was involved in an accident with another vehicle, owned and operated by an uninsured motorist.

1. Act of August 14, 1963, P.L. 909, *as amended,* 40 P.S. § 2000. This statute has no legislatively prescribed "short title"; but it has become known in the legal community as the "Uninsured Motorist Act."

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 1 *et seq.*

Because of injuries sustained by Lewis in the accident he received workmen's compensation benefits from his employer. Subsequently, Mr. Lewis demanded of the School District that it pay him additional moneys, pursuant to the "Uninsured Motorist Act," to compensate him for the non-economic detriment he suffered as a result of the 1982 accident. That claim was based on our decision in *Modesta v. Southeastern Pennsylvania Transportation Authority*, 503 Pa. 437, 469 A.2d 1019 (1983), in which we held that self-insureds have a legal duty to provide the coverage mandated by the "Uninsured Motorist Act."

In March of 1984, upon the School District's rejection of his uninsured motorist claim, Jerry Lewis petitioned the Court of Common Pleas of Philadelphia County for an order to compel his employer to arbitrate the matter.[3] The petition was denied by the trial court, on the ground that, as against an employer, benefits under the Workmen's Compensation Act are an employee's exclusive monetary remedy for injury suffered by him in the course of employment. That decision was affirmed by the Superior Court. *Lewis v. School District of Philadelphia*, 347 Pa.Super. 32, 500 A.2d 141 (1985). Mr. Lewis followed with a petition to this Court for an allowance of appeal, which we granted for the purpose of considering the issue set forth above.

## THOMAS HOLTON

Appellant Thomas Holton was employed by the City of Philadelphia ("City") as a policeman. On October 15, 1981, Officer Holton was injured in the course of his employment, as a result of an automobile accident involving a City-owned police vehicle he was driving and another vehicle, owned and operated by a civilian motorist with no insurance. Holton's employer, the City, was self-insured as to automo-

---

**3.** 31 Pa.Code § 63.2 provides that arbitration is the procedural method for resolving claim disputes under the uninsured motorist clause of an insurance policy. That same rule has been set forth in decisions of this Court. *E.g., Preferred Risk Mutual Insurance Co. v. Martin*, 436 Pa. 374, 260 A.2d 804 (1970); *Pennsylvania General Insurance Co. v. Barr*, 435 Pa. 456, 257 A.2d 550 (1969); *National Grange Mutual Insurance Co. v. Kuhn*, 428 Pa. 179, 236 A.2d 758 (1968).

bile liability and workmen's compensation. Because Officer Holton's injuries were work-related, the City paid him workmen's compensation benefits.

Holton had automobile liability insurance of his own. Based on the uninsured motorist provision in his policy, he claimed against his own insurance carrier for the non-economic detriment he suffered as a result of the accident. When that claim proceeded to arbitration the arbitrators determined that, because of our decision in *Modesta, supra*, the City had the primary responsibility of providing uninsured motorist coverage for Holton. According to the arbitrators, the obligation of Holton's own insurance carrier was only secondary. When Holton demanded of the City that it provide him with uninsured motorist benefits, the claim was denied.

On October 19, 1984, Thomas Holton filed in the Court of Common Pleas of Philadelphia County an action for a declaratory judgment, seeking a judicial determination that the City was liable to him for uninsured motorist benefits. The City responded to the action with preliminary objections, asserting that the Workmen's Compensation Act immunized it from the claim in question. The trial court sustained the City's defense and dismissed Holton's suit. That decision was affirmed by the Superior Court in a memorandum opinion. *Holton v. City of Philadelphia*, 352 Pa.Super. 622, 505 A.2d 1038 (1985). Holton's petition to this Court for an allowance of appeal was granted.

## GENERAL ACCIDENT INSURANCE COMPANY

The third appeal, though presenting the same issue as the other two, is by an appellant whose interest is in a different posture. The instant appellant, General Accident Insurance Company ("General"), was the liability insurer for the private automobile of a municipal employee who was injured in a work-related vehicle accident caused by an uninsured motorist. General seeks to reverse a trial-court decision which held that, because of section 303(a) of the Workmen's Compensation Act, the employee's claim for uninsured mo-

torist benefits, made against both the employer and the claimant's insurer, would lie only against the latter.

In April of 1983, General issued to one Thomas Collins and his wife a liability insurance policy covering their automobiles. As mandated by the "Uninsured Motorist Act", the policy contained a provision for uninsured motorist coverage. Thomas Collins was employed by the City of Philadelphia as a policeman. On May 12, 1983, Officer Collins was injured in the course of his employment when an automobile, driven by an uninsured motorist, struck the rear of a City-owned police car in which the officer was seated.

Based on the injuries he sustained in the accident, Collins directed to his employer and to his own insurance carrier a claim for benefits under the "Uninsured Motorist Act." On April 8, 1985, he filed in the Court of Common Pleas of Philadelphia County a petition to compel arbitration of the claim, naming as respondents the City and General. The petitioner specifically alleged that the accident had occurred "in the course and scope of his employment with the City of Philadelphia." The City responded to the petition with preliminary objections, raising as an affirmative defense the exclusivity provision in section 303(a) of the Workmen's Compensation Act. The trial court agreed with the City's defense, sustained the preliminary objections, and entered an order dismissing Collins' petition insofar as the City was concerned. In the court's view, the City's obligation to Thomas Collins was limited to workmen's compensation. Thereafter, on June 11, 1985, the trial court issued another order: directing that Collins' uninsured motorist claim proceed to arbitration against the other respondent, General. The ensuing arbitration proceeding resulted in a decision in favor of Collins and against General in the amount of Eight Thousand Two Hundred and Fifty Dollars ($8,250.00).

General petitioned the Court of Common Pleas to vacate the arbitration award. In that regard, General asserted that the uninsured motorist coverage in Collins' automobile policy was merely excess to any other coverage he might

have, and that the City had the primary obligation to pay him uninsured motorist benefits. The trial court denied General's petition, pointing out that it had already ruled upon the extent of the City's liability for Collins' injuries.

General appealed to the Superior Court, and there renewed its argument that the City was liable to its employee for uninsured motorist benefits. That argument was again rejected; and the Superior Court issued a memorandum opinion affirming the decision of the trial court. *Collins v. City of Philadelphia (Appeal of General Accident Insurance Co.)*, 358 Pa.Super. 624, 514 A.2d 197 (1986). General petitioned this Court for an allowance of appeal. We granted review to determine whether the courts below correctly applied the exclusivity provision in the Workmen's Compensation Act.

■ Section 1(a) of the "Uninsured Motorist Act," in the part here involved, states as follows:

No motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto in limits for bodily injury or death as are fixed from time to time by the General Assembly ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom. . . .

40 P.S. § 2000(a).[4]

**4.** The "Uninsured Motorist Act" also provides, in sections 1(a)(1) and (2), that the owners or operators of certain types of motor vehicles need not have uninsured motorist coverage in their insurance policies. In general, those exempted are: the owners and operators of vehicles for hire; and the owners or operators of vehicles for which a certificate of public convenience has been granted by an appropriate agency. Another provision of the statute, section 1(e)(3), states in effect

By force of the above provision any policy of automobile insurance, insuring against liability for personal injury, must also cover damages which a "person insured thereunder" could legally recover from an uninsured motorist for bodily harm caused by the latter.[5] The purpose of this additional coverage is to afford financial recompense to persons who suffer injuries, or to the dependents of those who are killed, solely through the negligence of motorists who, because they are uninsured and not financially responsible, cannot be made to satisfy a judgment. *Johnson v. Concord Mutual Insurance Co.*, 450 Pa. 614, 300 A.2d 61 (1973). Such statutorily mandated coverage is designed to give monetary protection to that ever changing and tragically large group of persons who, while lawfully using the highways themselves, suffer grave injuries through the negligent use of those highways by others. *Utica Mutual Insurance Co. v. Contrisciane*, 504 Pa. 328, 473 A.2d 1005 (1984); *Tucci v. State Farm Insurance Co.*, 503 Pa. 447, 469 A.2d 1025 (1983); *Harleysville Mutual Casualty Co. v. Blumling*, 429 Pa. 389, 241 A.2d 112 (1968); *Pattani v. Keystone Insurance Co.*, 426 Pa. 332, 231 A.2d 402 (1967). In sum, the purpose of this state's uninsured-motorist law is to protect innocent victims of uninsured drivers. *Harleysville Mutual Insurance Co. v. Blumling, supra.*

Nothing on the face of the "Uninsured Motorist Act" precludes its applicability to employee claims such as those in issue here. Thus, in the absence of a contravening legislative provision, there could be no doubting that an

that uninsured motorist coverage does not apply in any instance in which it would inure to the benefit of a workmen's compensation carrier or a self-insured under the workmen's compensation law. The central meaning of section 1(e)(3) is that the existence of uninsured motorist coverage does not negate the obligations of a workmen's compensation carrier should the injury be covered by the workmen's compensation law. This section, of course, does not address the issue confronting us here, which is, whether the persons injured are to any extent entitled to uninsured motorist benefits from their self-insured employers.

5. Pursuant to 31 Pa.Code § 63.2, the phrase "person insured thereunder" means not only the named insured but also includes, among others, "any other person while occupying an insured automobile."

employee could claim under his employer's uninsured motorist coverage.

The "Uninsured Motorist Act" was enacted in 1963. The Pennsylvania Workmen's Compensation Act preceded it by several decades, having become law in 1915. According to the original terms of the Workmen's Compensation Act, its applicability depended upon the parties having agreed to accept its provisions. Regarding the effect of such agreement, section 303 of the statute declared that:

> Such agreement shall constitute an acceptance of all the provisions of article three of this act, and shall operate as *a surrender* by the parties thereto of *their rights to any form or amount of compensation or damages for any injury or death occurring in the course of the employment,* or to any method of determination thereof, *other than as provided, in article three of this act.* Such agreement shall bind the employer and his personal representatives, and the employe, his or her wife or husband, widow or widower, next of kin, and other dependents.

77 P.S. § 481 (emphasis added).

By its language the above section meant that, for an injury covered by the Workmen's Compensation Act, the statute was the exclusive basis for compensation insofar as the employer was concerned. *McIntyre v. Strausser,* 365 Pa. 507, 76 A.2d 220 (1950); *Butrin v. Manion Steel Barrel Co.,* 361 Pa. 166, 63 A.2d 345 (1949); *Swartz v. Conradis,* 298 Pa. 343, 148 A. 529 (1929). The formulation of the exclusivity principle in terms of a "surrender" of other rights of action was in keeping with the idea that coverage pursuant to the Workmen's Compensation Act was the result of agreement, express or implied.

In 1972 and 1974 the Workmen's Compensation Act was extensively amended. One of the 1974 amendments was a replacement of the original section 303 with two new provisions, divided into sections 303(a) and (b). The subject matter of the original section 303 is now contained in section 303(a), which reads as follows:

(a) *The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes,* his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise *on account of any injury or death as defined in section 301(c)(1) and (2)* or occupational disease as defined in section 108.

77 P.S. § 481(a) (emphasis added).[6]

The above provision, section 303(a), is essentially selfexplanatory. The topic of the section is "the liability of an employer under [the Workmen's Compensation Act]." The section states that such liability shall be exclusive *"and in place of any and all other liability"* to employees, and certain other persons, *"on account of any injury or death* as defined in [the Workmen's Compensation Act]." (Emphasis added). Thus, under section 303(a), as under its predecessor, the workmen's compensation law is a worker's exclusive remedy against his employer for an injury sustained in the course and scope of employment. *Poyser v. Newman & Co.,* 514 Pa. 32, 522 A.2d 548 (1987); *Kline v. Arden H. Verner Co.,* 503 Pa. 251, 469 A.2d 158 (1983).

Section 303(a) of the Workmen's Compensation Act, like its predecessor, is a version of the historical *quid pro quo* employers received for being subjected to a no-fault system of compensation for worker injuries. *Poyser, supra.* That is, while the employer assumes liability without fault for a work-related injury, he is relieved of the possibility of a larger damage verdict in a common law action. *See* 2A A. Larson, *Workmen's Compensation Law,* § 65.11 (1987 ed.). It is worth noting that, with the enactment of section 303(a), the exclusivity principle ceased to be stated in terms of a "surrender" arising from an agreement to be bound by the provisions of the Workmen's Compensation Act. Under section 303(a), the exclusivity principle becomes applicable merely from the fact that a worker has suffered an injury

---

**6.** Section 303(b) is concerned with an injured employee's right of action against a third party who caused the harm.

in the course and scope of his employment. The bar against bringing an action at law against the employer to recover for such an injury is no longer a consequence of agreeing to be bound by the workmen's compensation statute, but arises automatically if the injury is covered by the statute. The 1974 change in the statutory formulation of the exclusivity principle reflects another, even larger change which the legislature made that same year: a change from an elective system of workmen's compensation, as existed before, to one that is mandatory. Since, by the express language of section 303(a), the statutory compensation is *"in place of any and all other liability"* on the part of the employer for a worker's injury in the course of employment, the conclusion must follow that the section denies a worker any cause of action at law against his employer for such an injury.[7] So strong is the principle of exclusivity we have held that it is a nonwaivable defense, even when not timely raised. *LeFlar v. Gulf Creek Industrial Park No. 2*, 511 Pa. 574, 515 A.2d 875 (1986); *Socha v. Metz*, 385 Pa. 632, 123 A.2d 837 (1956).

As detailed at the outset of this opinion, each of the matters underlying the instant appeals was an action at law for damages, based on the "Uninsured Motorist Act," for personal injury sustained by the claimant in a vehicle accident with an uninsured motorist. There is no disputing that in each case the claimant was strictly in the course and scope of his employment at the time of the injury, and thus was entitled to workmen's compensation. Consequently, to the extent that any of the lawsuits for uninsured motorist benefits was directed against the claimant's employer, section 303(a) of the Workmen's Compensation Act, if controlling, would be preclusive of the action. That is, if the claims here involved are within the compass of section 303(a), that provision, being more recent than the "Unin-

---

7. The one statutory exception to this principle is contained in section 305 of the Workmen's Compensation Act, 77 P.S. § 501 (Supp.1987). This section states that if an employer has failed to comply with the insurance requirements mandated by the statute, for the securing of compensation claims, an injured worker has the option of proceeding under the act or in suit for damages at law.

sured Motorist Act," would prevail. Section 1936 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1936, states: "Whenever the provisions of two or more statutes enacted finally by different General Assemblies are irreconcilable, *the statute latest in date of final enactment shall prevail.*" (Emphasis added.)

The appellants argue that there is no real conflict between the exclusivity section in the Workmen's Compensation Act and the right of action created generally by the "Uninsured Motorist Act." In this regard, the appellants contend that because the two statutes provide for distinguishable types of compensation the two laws are in *pari materia* and must be read together. As support for this argument, the appellants point out that under the Workmen's Compensation Act a claimant is restricted to payment for medical expenses and a sum based on lost wages, *i.e.,* economic detriment, whereas under the "Uninsured Motorist Act" he could also recover for pain and suffering. In the appellants' view, the legislature intended the two systems of compensation to be complementary where a worker is injured in the course of employment by an uninsured motorist. We must reject this assertion insofar as the employer's liability is concerned, because the argument ignores the clear mandate of section 303(a) that benefits under the Workmen's Compensation Act shall be *"in place of any and all liability"* on the employer's part for a work injury. Furthermore, the worker's loss of the right to recover pain-and-suffering damages from his employer was a major part of the consideration given to employers for being subjected to liability without fault under the workmen's compensation statute.

Another argument propounded by the appellants is that the employee claims here in question, being for uninsured motorist benefits, should be treated as being outside the scope of the section 303(a) exclusivity provision. This argument is predicated on our decision in *Modesta v. Southeastern Pennsylvania Transportation Authority, supra.* As noted, *Modesta* held that even though an entity is permitted

to be self-insured as to vehicle liability it still must provide the coverage mandated by the "Uninsured Motorist Act." Using that holding as its premise, the appellants go on to reason as follows: (1) if a vehicle owner had a written policy of liability insurance, the policy would have to contain a clause obligating the insurance carrier to pay benefits for injury caused to "an insured" by the negligence of an uninsured motorist; (2) under *Modesta* a selfinsured is to be treated as if it has a written liability policy with an uninsured-motorist provision in it; and thus, (3), the self-insured stands in the shoes of an insurance carrier. Based on that line of reasoning the appellants next conclude that a self-insured employer, such as we have in each of the instant cases, is not only an employer but also is the functional equivalent of an insurance carrier with respect to uninsured motorist benefits. Therefore, according to the above argument, to allow an employee to recover uninsured motorist benefits directly from his employer, even for a work-related injury, would not be liability arising from the latter's status as employer but from its status as insurance carrier.

The foregoing theory, as a basis for treating an employee claim for uninsured motorist benefits as an exception to the exclusivity provision in a workmen's compensation statute, has been accepted in some jurisdictions. *E.g., Mathis v. Interstate Motor Freight System,* 408 Mich. 164, 289 N.W.2d 708 (1980); *Christy v. City of Newark,* 102 N.J. 598, 510 A.2d 22 (1986). However, for us to adopt such an exception, by embracing the fiction that a self-insured employer was being subjected to liability in some capacity other than that of employer, would require us to ignore an inescapable truth: that the employer, in paying uninsured motorist benefits, would be paying a worker for an injury sustained strictly in the course of employment. That reality cannot be pretended away. As to such injuries, section 303(a) of The Pennsylvania Workmen's Compensation Act provides that the compensation under that statute is the employer's exclusive liability, and that such liability is "in place of any and all other liability" on the employer's part.

It is true that this Court has recognized that an employer can have a "dual capacity" with respect to its employees, and that the exclusivity principle might not apply where an employee is injured in circumstances in which the employer's relationship to the injury goes beyond that of mere employer. *See Budzichowski v. Bell Telephone Co. of Pennsylvania*, 503 Pa. 160, 469 A.2d 111 (1984); *Tatrai v. Presbyterian University Hospital*, 497 Pa. 247, 439 A.2d 1162 (1982). In *Tatrai* an employee of a hospital was injured by an unsafe appliance in the hospital's emergency room, to which she had reported, during working hours, on account of illness. The hospital's emergency room was open to the public. We held that the exclusivity provision in section 303(a) did not bar the employer's common law action against the employer for negligence and breach of warranty. Critical to our decision in *Tatrai* was the fact the injury-causing event was totally extraneous to the victim's employment at the hospital. In articulating the "dual capacity" concept, this Court in *Tatrai* stated the following:

'If any injury arises from a relationship which is distinct from that of employer and employee and invokes a different set of obligations than the employer's duties to its employee, there is no justification for shielding the employer from liability at common law.'

497 Pa. at 256, 439 A.2d at 1166 (Concurring Opinion of Roberts, J.) (quoting *D'Angona v. County of Los Angeles*, 27 Cal.3d 661, 166 Cal.Rptr. 177, 613 P.2d 238 (1980)). It is thus clear that the focus of the "dual capacity" exception is on the circumstances in which the worker's injury occurs. But no such exception can exist where, as in the matters now before us, the employee's compensable injury occurred while he was actually engaged in the performance of his job. The terms of section 303(a) do not leave room for the exception advocated by the instant appellants. Although numerous policy arguments have been raised in support of an exception for uninsured motorist benefits, those arguments present considerations which must be directed to the legislature.

It is lastly argued that for us to construe section 303(a) as denying to an employee a right of action against his employer for uninsured motorist benefits, such an interpretation would discriminate against some injured persons solely because of their status as employees injured in the course of employment, and would therefore be unconstitutional. In this connection, the appellants point out that uninsured motorist benefits would not be withheld from a non-employee who was injured in the same accident as the worker. According to the appellants, such discrimination between employee and non-employee is an unreasonable classification, and thus violative of the equal protection of the laws as guaranteed by the federal constitution and our state constitution. This assertion is devoid of merit. Neither the equal protection guarantee of the federal constitution nor the companion protection in our state constitution forbids the drawing of distinctions, so long as the distinctions have a rational basis and relate to a legitimate state purpose. *E.g., Plyler v. Doe*, 457 U.S. 202, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982); *Baltimore & Ohio R.R. v. Commonwealth, Department of Labor & Industry*, 461 Pa. 68, 334 A.2d 636 (1975). Since an employee is the beneficiary of a no-fault system of compensation under the Workmen's Compensation Act, and the non-employee must prove the negligence of the uninsured motorist to recover anything, those factors alone are sufficient to warrant different treatment.

For the reasons set forth, the orders of the Superior Court in the matters here on appeal are affirmed.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent.

The Workmen's Compensation Act, 77 P.S. §§ 101–1603, and the Uninsured Motorist Act, 40 P.S. § 2000, are self-contained legislative enactments which address discrete

problems. *Accord, Mathis v. Interstate Motor Freight System,* 408 Mich. 164, 289 N.W.2d 708 (1980). The Workmen's Compensation Act provides a substitute for the common law tort liability of an employer who is negligent in failing to maintain a safe working environment. *See Poyser v. Newman & Company, Inc.,* 514 Pa. 32, 522 A.2d 548 (1987) (Larsen, J., dissenting). The Uninsured Motorist Act is a substitute for common law tort liability and is designed to compensate victims of motor vehicle accidents involving uninsured drivers. An action for uninsured motorist benefits is based on contract and has nothing to do with the tort liability of an employer. *See Wagner v. National Indemnity Co.,* 492 Pa. 154, 422 A.2d 1061 (1980) (Larsen, J., dissenting; Kauffman, J., dissenting).

The majority has lost sight of the fact that employees may have other ties with their employers, such as landlord/tenant, trustee/beneficiary, seller/buyer, etc. The laws that govern the particular relationship involved will determine the rights and liabilities of the parties. The exclusive remedy provision of the Workmen's Compensation Act is *not* automatically triggered by the fact that the parties are also employer and employee.

The employees herein are seeking uninsured motorist benefits from an insurer who *happens to be* an employer. Liability to pay uninsured motorist benefits is based on a party's status as an insurer under the Uninsured Motorist Act. The employer-employee relationship is of no consequence under the Uninsured Motorist Act, and the employer as uninsured motorist insurer has absolutely nothing whatever to do with the rights and liabilities prescribed by the Workmen's Compensation Act. Hence, the exclusivity provision of the Workmen's Compensation Act should not apply herein.

Accordingly, I would reverse the orders of Superior Court and would remand these cases to permit appellants to pursue their claims.