## Dyll v. The Bell Telephone Co. of Pennsylvania

*Irving M. Portnoy,* for plaintiff.
*Matthew J. Carl,* for the defendant.

WETTICK, *A.J.,* July 26, 1988 — Plaintiff-wife was injured in a two-car accident while operating an automobile owned by defendant Bell Telephone company in her capacity as an employee of Bell. Plaintiff has received the policy limits of the automobile liability policy which covered the driver of the other vehicle. Plaintiff has also received the policy limits of the automobile liability policy issued to plaintiff-husband. These payments have not fully compensated plaintiff for her medical expenses and lost wages.

Bell is a self-insurer. Plaintiff has instituted this action for a declaratory judgment to compel Bell to provide underinsurance coverage pursuant to the provision of the Pennsylvania Motor Vehicle Financial Responsibility Act (75 P.S. §1701 et seq.)

Bell contends that plaintiff's claim is barred by section 303(a) of the Workmen's Compensation Act (77 P.S. §481(a)) which states that workmen's compensation benefits are the exclusive source of an employer's liability to an employee for a work-related injury. In support of this position, Bell relies on *Lewis v. School District of Philadelphia,* 517 Pa. 461, 538 A.2d 862 (1988), which held that section 303(a) of the Workmen's Compensation Act immunized self-insured employers from employee's claims for uninsured motorist benefits.

Plaintiff argues that the *Lewis* case is not controlling because it dealt with benefits provided for by

the Uninsured Motorist Act while this case involves a claim for benefits provided for by the Pennsylvania Motor Vehicle Financial Responsibility Act. For two reasons, plaintiff contends that the *Lewis* case is not applicable to claims for benefits provided for by the Pennsylvania Motor Vehicle Financial Responsibility Act. First, plaintiff contends that section 1735 of this act (75 P.S. §1735) abolishes the employer immunity provision of the Workmen's Compensation Act with respect to claims for benefits under this act. This section reads as follows:

"The coverages required by this subchapter shall not be made subject to an exclusion or reduction in amount because of any workers' compensation benefits payable as a result of the same injury."

We do not read section 1735 in this manner. By referring to an exclusion or reduction in the amount of benefits, this section addresses only the issue of whether the benefits provided for by the Pennsylvania Motor Vehicle Financial Responsibility Act will be reduced by the amount of any workmen's compensation benefits that the injured party has received. Bell is not claiming that its obligations under the Pennsylvania Motor Vehicle Financial Responsibility Act should be altered as a result of the workmen's compensation benefits that plaintiff may have received. It argues that it is not liable because section 303(a) of the Workmen's Compensation Act provides that its liability as an employer is exclusive and in place of any and all other liability. The language of section 1735 does not purport to abolish any immunities from liability provided for by the Workmen's Compensation Act.

Second, plaintiff contends that the Pennsylvania Motor Vehicle Financial Responsibility Act is controlling because it was enacted after section 303(a) of the Workmen's Compensation Act. The *Lewis*

opinion, according to plaintiff, gave priority to section 303(a) only because it was enacted more recently than the Uninsured Motorist Act. In support of this position, plaintiff refers to a portion of the *Lewis* opinion that cited section 1936 of the Statutory Construction Act of 1972 (1 Pa.C.S. §1936), which provides that when "the provision of two or more statutes enacted finally by different general assemblies are irreconcilable, the statute latest in date of final enactment shall prevail."

However, the *Lewis* opinion cited section 1936 only in response to the employees' argument that there is no conflict between the exclusivity section in the Workmen's Compensation Act and the right of action created generally by the Uninusred Motorist Act. The basis for the court's ruling in *Lewis* was that an employee's claim against an employer based on legislation that did not specifically provide for recovery against an employer is barred by the "clear mandate of section 303(a) that benefits under the Workmen's Compensation Act shall be *'in place of any and all liability'* on the employer's part for a work injury." *Lewis, supra.* (emphasis in original)

The controlling rule of statutory construction in this case is section 1933 of the Statutory Construction Act of 1972, 1 Pa.C.S. §1933, which provides that:

"Whenever a general provision in a statute shall be in conflict with a special provision in the same of another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail."

For these reasons, we hold that *Lewis v. School District of Philadelphia, supra,* bars plaintiffs from recovering benefits based on the Pennsylvania Motor Vehicle Financial Responsibility Act from the self-insured employer of plaintiff-wife.

## ORDER OF COURT

On this July 26, 1988, it is hereby ordered that defendant, Bell Telephone Company of Pennsylvania, is permitted to file an amended answer which raises an immunity defense based upon the Workmen's Compensation Act, and that this action is dismissed with respect to Bell Telephone Company of Pennsylvania because of the immmunity provision set forth in section 303(a) of the Workmen's Compensation Act.