Brendan P. Mailey, Post & Schell, P.C., Philadelphia, Pa., for plaintiff.

Thomas Bruno, II, Abramson & Denenberg, P.C., Philadelphia, Pa., for defendant.

### AMERICAN NATIONAL FIRE INSURANCE COMPANY, Plaintiff,

v.

### Phillip STEWART, Defendant.

### Civ. A. No. 88–6158.

United States District Court, E.D. Pennsylvania.

April 13, 1989.

## MEMORANDUM

KATZ, District Judge.

This case involves a dispute as to the relationship between the Pennsylvania Workmen's Compensation Act, 77 Pa.Stat. Ann. § 1 *et seq.* (Purdon 1974), and the Pennsylvania Motor Vehicle Financial Responsibility Act, 75 Pa.Cons.Stat.Ann. § 1701 *et seq.* (Purdon 1984). Both sides have moved for summary judgment.[1] For the reasons that follow, I will grant declaratory relief in favor of defendant and against plaintiff.

The stipulated facts are as follows:

1. On January 13, 1986, the defendant, Phillip Stewart, was a passenger in a vehicle owned by his employer, Lutheran Social Mission Society of Philadelphia when he sustained injuries while in the course and scope of his employment.

---

**1.** Because the parties have submitted stipulated facts to the Court, there can be no genuine issue of material fact and this case is ripe for summary judgment. Fed.R.Civ.P. 56(c).

2. The defendant, Phillip Stewart, received worker's compensation benefits from his employer for both medical benefits and indemnity.

3. The vehicle occupied by defendant, Phillip Stewart, was involved in a motor vehicle accident with a vehicle which was uninsured, by virtue of its status as a stolen vehicle on the date of the accident.

4. Plaintiff, Lutheran Social Mission Society of Philadelphia, the owner of the truck in which defendant was riding at the time of the accident, was covered by motor vehicle insurance, including uninsured motorist coverage through American National Fire Insurance Company, policy number BA632145–01, at the time of the incident.

5. Defendant, Phillip Stewart, initiated a claim for uninsured motorist benefits against his employer's policy in May 1986.

### DISCUSSION

The Workmen's Compensation Act states:

> The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes ... on account of any injury....

77 Pa.Stat.Ann. § 481(a) (Purdon 1974).

In *Lewis v. School District,* 517 Pa. 461, 538 A.2d 862 (1988), the Pennsylvania Supreme Court analyzed the relationship between the Workmen's Compensation Act and the (now replaced) Pennsylvania Uninsured Motorist Act, 40 Pa.Stat.Ann. § 2000 *et seq.* (Purdon 1963). The Court held that an employee's recovery of workmen's compensation benefits precludes him from recovering uninsured motorist benefits under his employer's policy for the same injury, on the ground that the exclusivity provision of the Workmen's Compensation Act was enacted more recently than was the Uninsured Motorist Act, and " 'the statute latest in date of final enactment shall prevail.' " *Lewis,* 517 Pa. at 473, 538 A.2d 862 (quoting Statutory Construction Act of 1972, 1 Pa.Cons.Stat. § 1936). In *Roux Laboratories v. Turner,* 843 F.2d 704 (3d Cir.1988), another case involving the Uninsured Motorist Act, the Third Circuit followed the *Lewis* court.

Effective October 31, 1984, however, the Pennsylvania legislature enacted the Motor Vehicle Financial Responsibility Act ("MVFRA") 75 Pa.Cons.Stat.Ann. § 1701 *et seq.* (Purdon 1984), which replaces the Uninsured Motorist Act. Two significant distinctions exist between the Uninsured Motorist Act and the MVFRA. First, in contrast to the Uninsured Motorist Act, the MVFRA was enacted *after* the Workmen's Compensation Act. Second, unlike the Uninsured Motorist Act, the MVFRA expressly states:

> The coverage required by this subchapter shall not be made subject to an exclusion or reduction in amount because of any workers' compensation benefits payable as a result of the same injury.

*Id.* § 1735. Because the accident in the case *sub judice* occurred on January 13, 1986, it must be decided under the MVFRA, rather than the Uninsured Motorist Act, and the *Roux* and *Turner* decisions are inapplicable.

In *Selected Risks Insurance Co. v. Thompson,* — Pa. —, 552 A.2d 1382 (1989), the Pennsylvania Supreme Court discussed the relationship between the Workmen's Compensation Act and the MVFRA. There, an employer's insurance contract provided that any uninsured motorist liability would be reduced by money paid or payable under workers' compensation laws. The Pennsylvania Supreme Court held the provision void as against public policy, explaining that § 1735 of the MVFRA (quoted above) "is certainly a persuasive statement of what the legislature perceives as the appropriate public policy in dealing with [workmen's compensation] setoffs." *Id.* 552 A.2d at 1386.

Following the reasoning of the Pennsylvania Supreme Court in *Selected Risks,* I find that the fact that the plaintiff received workmen's compensation benefits for his injuries does not preclude him from recovering uninsured motorist benefits under his employer's policy.[2]

An appropriate judgment follows.

2. This Court notes that in deciding *Azpell v. Old Republic Insurance Co.,* — Pa.Super. —, 555

## JUDGMENT

AND NOW, this 13th day of April, 1989, upon consideration of defendant's Motion for Summary Judgment and plaintiff's Cross–Motion for Summary Judgment, a DECLARATORY JUDGMENT is hereby ENTERED in favor of defendant and against plaintiff. The parties shall proceed with arbitration in accordance with the terms of plaintiff's insurance contract.

A.2d 168 (1989), the Pennsylvania Superior Court failed to follow the Supreme Court *Selected Risks Insurance* opinion and relied on old and no longer applicable precedents; therefore, *Azpell* provides no guidance on the issue at bar.