## Williams v. Celina Group

*Lawrence D. Levin,* for plaintiff.
*Roger T. Margolis,* for defendant.

SALUS, *J.,* June 11, 1990, — On appeal from the court order of April 17, 1990 appointing an arbitrator, providing for the start of arbitration proceedings and denying the appellant's request for leave to amend its answer to include a count seeking declaratory judgment, the appellant claims the following error:

(1) The court erred in finding that arbitration was appropriate where plaintiff/appellee had not exhausted all other potential sources of recovery be-

fore proceeding against the appellant/insurer of the municipality.

## FACT SUMMARY

On July 1, 1989 the appellee suffered injuries as a result of the negligence of an uninsured motorist. At the time of the injury the appellee was acting within the scope of his employment as a police officer for Lower Gwynedd Township. The appellee's complaint claimed that arbitration was appropriate even though no provision in the municipality's uninsured motorist coverage specifically provided for arbitration.

## DISCUSSION

The Motor Vehicle Financial Responsibility Act, 75 Pa.C.S. §1701 (1984) provides that:

"The coverage required by this subchapter shall not be made subject to an exclusion or reduction in amount because of any workers' compensation benefits payable as a result of the same injury." 75 Pa.C.S. §1735. This relationship between the Workers' Compensation Act and the MVFRA was discussed in full by the United States District Court in *American National Fire Insurance Company v. Stewart*, 709 F.Supp. 641, 642 (E.D. Pa. 1989). In its decision the court reasoned as follows:

"In *Selected Risks Insurance Co. v. Thompson*, 520 Pa. 130, 552 A.2d 1382 (1989), the Pennsylvania Supreme Court discussed the relationship between the Workmen's Compensation Act and the MVFRA. There, an employer's insurance contract provided that any uninsured motorist liability would be reduced by money paid or payable under workers' compensation laws. The Pennsylvania Supreme Court held the provision void as against public policy, explaining that section 1735 of the MVFRA

[quoted above] 'is certainly a persuasive statement of what the legislature perceives as the appropriate public policy in dealing with [workmen's compensation] setoffs.' *Id.* 522 A.2d at 1386.

"Following the reasoning of the Pennsylvania Supreme Court in *Selected Risks,* I find that the fact that the plaintiff received workmen's compensation benefits for his injuries does not preclude him from recovering uninsured motorist benefits under his employer's policy."

In the instant case, as in *Stewart,* the fact that the appellee received workmen's compensation should not preclude him from recovering uninsured motorist benefits under appellant's policy. On the same basis, the appellee should not be required to exhaust all other remedies before filing for uninsured motorist benefits because the appellee's other recovery does not affect his ability to recover uninsured motorist benefits.

Prior cases such as *Lewis v. School District of Philadelphia,* 517 Pa. 461, 538 A.2d 862 (1988), held that workmen's compensation was the exclusive remedy available to an employee. Therefore no uninsured motorist benefits were available for a work-related accident. These cases can be distinguished from the case at bar because in these cases the accidents occurred before the MVFRA took effect. The MVFRA differs from prior law with respect to uninsured motorist coverage in primarily two manners: it came into effect after rather than before the Workmen's Compensation Act and it specifically covers the issue of recovery of uninsured motorist benefits in addition to workmen's compensation. Therefore, now that the MVFRA is the controlling law in this instance, uninsured motorist benefits may be recovered in addition to other verdicts.

The appellant failed to appeal the issues of governmental immunity and the propriety of their right to arbitration. Therefore, the right to appeal these issues has been waived.